IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAETEC COMMUNICATIONS, INC., <br><br> One PAETEC Plaza <br> 600 Willowbrook Office Park <br> Fairport, New York 14450 <br> (585)340-2500 <br><br>    Plaintiff, <br><br>   vs. <br><br> ATX COMMUNICATIONS, INC., f/k/a CORECOMM HOLDCO, INC., ATX TELECOMMUNICATIONS SERVICES, INC., ATX LICENSING INC.,CORECOMM COMMUNICATIONS, INC., and CORECOMM NEWCO, INC., <br><br> 2100 Renaissance Boulevard <br> King of Prussia, PA. 19406 <br><br>    Defendants. | Civil Action No. |

**COMPLAINT**

Plaintiff PAETEC Communications, Inc., (hereinafter referred to as "PAETEC" or "Plaintiff PAETEC") by and through its attorney Jeffrey J. Binder, Esquire, 2510 Virginia Avenue, N.W., Washington, D.C. 20037, (202) 965-0199, hereby files this complaint against ATX

COMMUNICATIONS, INC., f/k/a CORECOMM HOLDCO, INC., ATX TELECOMMUNICATIONS SERVICES, INC., ATX LICENSING INC.,CORECOMM COMMUNICATIONS, INC., and CORECOMM NEWCO, INC., (hereinafter referred to collectively as "Defendants ATX" or "ATX"). In support of its Complaint, Plaintiff PAETEC states as follows:

**PARTIES**

1. Plaintiff PAETEC is a corporation organized under the laws of the State of Delaware with its principal place of business located at One PaeTec Plaza, 600 Willowbrook Office Park, Fairport, New York. PAETEC is engaged in the business of providing telecommunications services in, among other places, the District of Columbia.

2. Defendants ATX are telecommunications carriers that provide telecommunications services including intrastate and interstate exchange and interexchange services in numerous states including, but not limited to, Connecticut, Delaware, Maryland, Virginia, New Jersey, New York, Illinois, California and in the District of Columbia.

3. Defendant ATX Communications, Inc., formerly known as Corecomm Holdco., Inc., is incorporated in the state of

Delaware with its principle place of business in Pennsylvania.

4. Defendant ATX Telecommunications Services, Inc. is incorporated in the state of Delaware with its principle place of business in Pennsylvania.

5. Defendant ATX Licensing, Inc., is incorporated in the state of Delaware with its principle place of business in Pennsylvania.

6. Defendant Corecomm Communications, Inc. is incorporated in the state of Delaware with its principle place of business in Pennsylvania.

7. Defendant Corecomm Newco, Inc. is incorporated in the state of Delaware with its principle place of business in Pennsylvania.

8. PAETEC is informed and believes, and based thereon alleges, that there exists, and at all times herein mentioned there existed, a unity of interest and ownership between and among Defendants ATX, such that any individuality and/or separateness between and among them has ceased. PaeTec further is informed and believes, and

based thereon alleges, that Defendants ATX operate and hold themselves out to the public as a single, integrated entity, and as a result, Defendants ATX are alter egos of each other such that adherence to the fiction of the separate existence of Defendants ATX would promote injustice.

**JURISDICTION AND VENUE**

9. This court has subject matter jurisdiction herein pursuant to 28 U.S.C.§§ 1331 and 1337 because it arises out of federal law, the Communications Act of 1934, as amended, 47 U.S.C. § 151 et seq., and federal tariffs filed with the Federal Communications Commission.

10. This court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367.

11. This court has personal jurisdiction over ATX because ATX is authorized by the Public Service Commission of the District of Columbia to provide telecommunications services in the District of Columbia. ATX filed a petition for such authorization from the Public Service Commission of the District of Columbia. ATX is engaged in continuous and

systematic business within the District of Columbia. ATX has purposefully availed itself of the privilege of conducting business activities in the District of Columbia. ATX also has a registered agent within the District of Columbia. ATX's conduct in connection with the District of Columbia required it reasonably to anticipate that it would be subject to the jurisdiction of the District of Columbia courts.

12. ATX is also authorized to provide telecommunications services in all, or almost all of, the 50 states. ATX offers a range of resold and facilities based services, including service over a fiber-optic network with numerous points of presence nationwide. ATX's service offerings include local and long distance telecommunications services, data services, information services, and other communications solutions. ATX's services are primarily offered to medium to large-sized business, internet service providers, interexchange carriers, and other telecommunications carriers.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as more fully described in paragraph 11 above.

**FACTS COMMON TO ALL CLAIMS**

14. PAETEC is engaged in the business of providing, *inter alia,* telecommunications services. These services include, but are not limited to, interstate and intrastate exchange access and exchange services.

15. At all times relevant to this action, ATX was engaged in providing telecommunications services which included the purchase from PAETEC and use of such services described above.

16. In or about 2000 to in or about 2005, PAETEC provided various telecommunications services, including but not limited to interstate, intrastate and local telecommunications to ATX pursuant to, *inter alia,* various agreements and the applicable interstate and intrastate tariffs.

17. PAETEC invoiced ATX monthly for such services purchased by ATX.

18. PAETEC's charges for the services were in compliance with all applicable tariffs and agreements.

19. However, despite receiving notice of its delinquency, ATX failed to pay the amounts owing which amounts exceed one hundred thirty-nine thousand nine hundred and ten dollars ($139,910). In addition, ATX owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

20. Pursuant to the terms of the agreement and applicable tariffs, ATX is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreements and tariffs.

21. PAETEC reserves the right to amend its claims to include any additional charges that may be owed by ATX and such attorneys' fees, costs, expenses and interest as may be allowed by law.

## COUNT I

### Breach of Contract

22. The allegations set forth in paragraphs 1 through 21 above are incorporated herein by reference.

8

23. ATX has received telecommunications services from PAETEC pursuant to various contracts and has not paid for such services.

24. As a direct and proximate result of ATX's breach of the contracts, PAETEC has suffered significant monetary damages.

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against ATX for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment interest, and such additional and further relief as the Court may deem just or proper.

**COUNT II**

**Alternative Claim for Breach of Contracts/Tariffs**

25. The allegations set forth in paragraphs 1 through 24 above are incorporated herein by reference.

26. PAETEC filed various tariffs with the Federal Communications Commission and the Public Service Commission of the District of Columbia and other state commissions including, but not limited to, Connecticut, Pennsylvania,

Virginia, California, Maryland, Delaware, Illinois, New York and New Jersey("tariffs").

27. The tariffs describe the rates and services offered by PAETEC to their customers and contain rules, regulations and rates pursuant to which such telecommunications services are rendered.

28. In accepting the telecommunications services provided by PAETEC, ATX undertook and assumed an obligation to make all payments due to PAETEC in accordance with the terms of the tariffs.

29. Because ATX failed to pay for services provided to it by PAETEC, ATX are in breach of the tariffs.

30. As a direct and proximate result of ATX's breach of these agreements and the tariffs, PAETEC has suffered significant monetary damages exceeding one hundred thirty-nine thousand nine hundred and ten dollars ($139,910).

31. Pursuant to the terms of the agreements and applicable tariffs, ATX is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreement.

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against ATX for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

## COUNT III

### Alternative Claim for Quantum Meruit

32.  The allegations set forth in paragraphs 1 through 31 above are incorporated herein by reference.

33.  In the event that it is determined that no agreement existed in fact or at law between PAETEC and ATX, then, in the alternative, it is averred that PAETEC, at ATX's request, and with ATX's knowledge, acquiescence and acceptance, provided to ATX the services described above.

34.  In the course of providing such services, PAETEC necessarily incurred various costs, charges, labor, use of its equipment and facilities and expenses.

35.  ATX has refused, despite demand, to pay the fair value for the services furnished, although payment is past due.

11

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against ATX for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

**COUNT IV**

**Alternative Claim for Unjust Enrichment**

36. The allegations set forth in paragraphs 1 through 35 above are incorporated herein by reference.

37. ATX obtained from PaeTec the above-described telecommunications services. ATX received benefit therefrom and failed to make PAETEC proper payment or restitution to PAETEC for the services and benefits received.

38. ATX has been unjustly enriched at the expense of PAETEC.

39. ATX's actions constitute an unjust retention of a benefit owed to PAETEC, which is contrary to the principles of equity and justice.

WHEREFORE, Plaintiff PaeTec respectfully requests that this Court enter a judgment in favor of PAETEC and against ATX for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

**COUNT V**

**BREACH OF PRIOR SETTLEMENT AGREEMENT**

40. The allegations set forth in paragraphs 1 through 39 above are incorporated herein by reference.

41. In 2002, PAETEC and ATX entered into a Confidential Settlement Agreement and General Release to settle litigation similar to the instant complaint. PAETEC and ATX agreed that beginning with invoices issued by PAETEC in the normal course of business from and after October 2, 2002, ATX would prospectively pay for switched access services under the terms of PAETEC's federal and state tariffs.

42. ATX's conduct, failing to pay switched access charges as described above, demonstrates ATX has breached the Settlement Agreement.

13

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enforce the Settlement Agreement and enter a judgment in favor of PaeTec and against ATX for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

Respectfully submitted

_____
Jeffrey J. Binder, Esq.
D.C. Bar #475821
The Watergate
2510 Virginia Avenue, NW
Washington, D.C.  20037
(202)965-0199
j.j.binder@verizon.net

Attorney for PaeTec
Communications, Inc.

Dated this 25th day of July, 2005