UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAETEC COMMUNICATIONS, INC., )
)
*Plaintiff*, )
)
v. ) Case No.: 1-05-CV-01485
) Judge Rosemary M. Collyer
ATX COMMUNICATIONS, INC., *et al.*, )
)
*Defendants*. )

## DEFENDANTS' MOTION TO DISMISS

Defendants, ATX Communications, f/k/a Corecomm Holdings, Inc., ATX Communications Services, Inc., ATX Licensing, Inc., Corecomm Communications, Inc., and CoreComm Newco, Inc. ("Defendants"), by their counsel Womble Carlyle Sandridge & Rice PLLC, and pursuant to FED. R. CIV. P. 12(b)(6), hereby move this Court to dismiss all Counts of the Complaint filed by Plaintiff PAETEC Communications, Inc. ("Plaintiff"). This case arises out of alleged monies owed by Defendants to Plaintiff for telecommunications services provided. As set forth more fully in the attached Memorandum of Law, all Counts of the Complaint should be dismissed because Plaintiff's claims have been discharged in bankruptcy proceedings before the United States Bankruptcy Court for the Southern District of New York. Additionally, by order of that Court and pursuant to the provisions of the United States Bankruptcy Code (11 U.S.C. § 101 *et. seq.*), Plaintiff is permanently enjoined from pursuing these claims. Finally, to the extent Plaintiff could seek redress, any claim should have been filed in the United States Bankruptcy Court in the Southern District of New York, which has jurisdiction over claims

arising out of the Defendants' bankruptcy proceedings. Accordingly, Defendants respectfully request that this Court dismiss all Counts of Plaintiff's Complaint against these Defendants with prejudice.

                                      Respectfully submitted,

                                      _____
                                      Deborah J. Israel (D.C. Bar No. 430841)
                                      Michael R. Sklaire (D.C. Bar No. 445364)
                                      Womble Carlyle Sandridge & Rice, PLLC
                                      1401 Eye Street, N.W., Seventh Floor
                                      Washington, D.C. 20005
                                      Tel: (202) 857-4466
                                      Fax: (202) 267-6910

                                      *Counsel for Defendants ATX Communications,,*
                                      *ATX Communications Services, Inc., ATX*
                                      *Licensing, Inc., CoreComm Communications, Inc.,*
                                      *and CoreComm Newco, Inc.*

Dated: October 17, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

PAETEC COMMUNICATIONS, INC., )
)
    *Plaintiff*, )
)
v. )   Case No.: 1-05-CV-01485
)   Judge Rosemary M. Collyer
ATX COMMUNICATIONS, INC., *et al.*, )
)
    *Defendants*. )

---

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS</u>

Defendants, ATX Communications, Inc., f/k/a CoreComm Holdco, Inc., ATX Telecommunications Services, Inc., ATX Licensing Inc., CoreComm Communications, Inc., and CoreComm Newco, Inc. ("Defendants") submit this memorandum of law in support of their motion to dismiss all Counts of the Complaint filed by Plaintiff PAETEC Communications, Inc. ("Plaintiff" or "PAETEC") relating to a claim for monies allegedly owed for exchange-access telecommunications services from 2000 to 2005. Specifically, Plaintiff alleges that Defendant received those services from PAETEC without payment, and in violation of a Settlement Agreement entered into between the parties in 2002. However, any claims to monies owed during this period of time, or pursuant to the Settlement Agreement, should be dismissed because (1) Plaintiff's claims were discharged in Defendants' bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), (2) by an Order of the Bankruptcy Court and by operation of the United States Bankruptcy Code (11 U.S.C. § 101 *et. seq.*), Plaintiff is permanently enjoined from taking any action to obtain

payment of these claims, and (3) the Bankruptcy Court maintains jurisdiction over any claims against Defendants prior to April 22, 2005, the effective date of Defendants' Amended Reorganization Plan. Plaintiff's Complaint is in plain violation of applicable law and an Order of the Bankruptcy Court, and should be dismissed with prejudice.

## FACTUAL BACKGROUND

1.  Plaintiff provides telecommunications services, including interstate and intrastate exchange-access services. (Complaint, ¶ 14)

2.  Plaintiff alleges that Defendants were also in the business of providing telecommunications services, including interstate and intrastate exchange-access services. (Complaint, ¶ 15)

3.  Plaintiff alleges that from 2000 to 2005, it charged Defendants for exchange-access services, in accordance with various tariffs and agreements. (Complaint, ¶ 16)

4.  In 2002, PAETEC and CoreComm-ATX, Inc. entered into a Confidential Settlement Agreement and General Release (hereinafter "Settlement Agreement") whereby CoreComm-ATX, Inc. would prospectively pay for exchange-access services under the terms of PAETEC's federal and state tariffs. (Complaint, ¶ 41).

5.  On January 15, 2004, Defendants, along with several other affiliated entities and subsidiaries ("Debtors"), filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the Bankruptcy Court. The petitions were jointly administered under Case No. 04-10214 (PCB). (Ex. A).

6.    On March 16, 2004, Debtors filed Schedules with the Bankruptcy Court which included the Debtors' Schedule of Executory Contracts. (Ex. B). The Settlement Agreement was listed as an executory contract on the Schedule, and was not assumed in the Debtor's Chapter 11 plan.

7.    Among the schedules filed by Debtor CoreComm-ATX, Inc. was "Schedule F- Creditors Holding Unsecured Nonpriority Claims." (*Id.* at Schedule F, p. 82). Plaintiff was listed among the creditors on that Schedule F, and the amount of the claim was listed as $66,696.48. (*Id.*)

8.    Among the Schedules filed by Debtor CoreComm-ATX, Inc. was "Schedule G- Executory Contracts and Unexpired Leases." (*Id.* at Schedule G, p. 54). The Settlement Agreement entered into between Plaintiff and CoreComm-ATX was among the executory contracts listed on that Schedule G. (*Id.*).

9.    On April 8, 2004, the Bankruptcy Court entered an Order setting May 24, 2004, as the last date upon which a party could file a Proof of Claim. (Ex. C).

10.    On or about May 18, 2004, Plaintiff filed a Proof of Claim relating to the Unsecured Nonpriority Claim referred to in Schedule F, in the Bankruptcy Court in the amount $70,782.21, for services performed from November 1, 2002 to February 11, 2004. (Ex. D).[1]

11.    On March 1, 2005, Debtors filed a Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ("Plan") with the Bankruptcy Court. (Ex. E).

12.    On April 13, 2005, the Bankruptcy Court issued an Order confirming the Plan (the "Confirmation Order"). That Order was entered on April 14, 2005. (Ex. F).

---

[1]    The Proof of Claim was filed under Case No. 04-10240, which appears to be the Case Number for the voluntary petition filed by the entity CoreComm-ATX. The Bankruptcy Court jointly administered that Petition with the other Debtors' Petitions under Case No. 04-10214.

3

13. Section 9.01 of the Plan provided that all executory contracts that were not specifically assumed "shall be deemed rejected, by the Debtors, as of the Effective Date...." (Ex. E, at 27).

14. All executory contracts to be assumed were listed in Schedule 9.01(A), which was filed with the Bankruptcy Court. (Ex. G). Neither the Settlement Agreement nor any PAETEC contract was listed on that Schedule. (*Id.*).

15. On July 28, 2005, Plaintiff filed this Complaint in the United States District Court for the District of Columbia alleging breach of contract, unjust enrichment, and breach of the Settlement Agreement for alleged services provided by Plaintiff to Defendant for the period 2000 to 2005.

## ARGUMENT

### I. The Legal Standard for a Motion to Dismiss.

It is well-settled that Defendants are entitled to dismissal of each Count of the Complaint under Rule 12(b)(6) upon a showing that Plaintiff can prove no set of facts in support of each claim that would entitle it to relief. *Wilson v. Prudential Financial*, 332 F. Supp.2d 83, 90 (D.D.C. 2004). In resolving this motion to dismiss, the Court must treat the factual allegations in Plaintiff's Complaint as true and allow all reasonable inferences therefrom in Plaintiff's favor. *Id.* Dismissal is appropriate where, as here, the plaintiff has alleged no facts which, if proven, would entitle the plaintiff to the requested relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Lipton v. MCI Worldcom, Inc.*, 135 F. Supp.2d 182, 185 (D.D.C. 2001). For the reasons set forth below, PAETEC has failed to state a claim upon which relief can be granted and, for that reason, the Complaint must be dismissed.

## II. The Court Should Dismiss the Complaint Because the Claims were Discharged in the Defendants' Bankruptcy Cases.

Under the Bankruptcy Code and the explicit terms of the Plan, all obligations of the Defendants to the Plaintiff, including claims under the Settlement Agreement, were discharged by the confirmation of the Debtors' Reorganization Plan.[2] *See* Judgment and Order Confirming Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, ¶ 14[3] ("The discharge, injunction, release and exculpation provisions contained in the [Plan] ... are approved in all respects and shall be effective as provided for therein.") Section 1141(d) of the Bankruptcy Code provides that the confirmation of a plan discharges a debtor from claims[4] arising before confirmation, including post-petition administrative claims. Specifically, section 1141(d) states: "Except as otherwise provided ... in the plan or in the order confirming the plan, the confirmation of a plan – discharges the debtor from any debt that arose before the date of confirmation ... whether or not ... a proof of the claim based on such debt is filed or deemed filed. 11 U.S.C. § 1141(d).

As noted above, on January 15, 2004, Defendants, along with several other affiliated entities and subsidiaries ("Debtors") filed voluntary petitions under Chapter 11 of the United

---

[2] Section 502(g) of the Bankruptcy Code provides that claims arising from executory contracts not assumed in the Bankruptcy Plan will be treated as pre-petition claims. 11 U.S.C. § 502(g).

[3] Relying upon the attached Exhibits does not convert this Motion to Dismiss to a motion for summary judgment under Rule 12(b)(6), as this Court may take judicial notice of the Bankruptcy case. *See Covad Comms. Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting the taking of judicial notice of facts in the public record from other proceedings in ruling on a motion to dismiss); *MCI Worldcom Network Servs. v. Graphnet, Inc.*, __ F.3d __, 2005 WL 1116163, at *9 (D.N.J. May 11, 2005)(noting that concerning a similar motion to dismiss in the District Court, the Court may take judicial notice of the bankruptcy court proceedings). All exhibits attached hereto and relied upon by Defendants in this Motion to Dismiss are public filings in the Bankruptcy case.

[4] The Bankruptcy Code defines "claim" very broadly as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(A). *See Stewart Foods, Inc. v. Broecker (In re Stewart Foods, Inc.)*, 64 F.3d 141, 144 (4th Cir. 1995) ("Congress intended to adopt the broadest definition of the term 'claim' so that a bankruptcy case would deal with all of the debtor's legal obligations."). Plaintiff's allegations set forth in the Complaint clearly fit this definition.

5

States Bankruptcy Code in the Bankruptcy Court. The petitions were jointly administered under Case No. 04-10214 (PCB). On March 1, 2005, Debtors submitted their Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code ("Plan") to the Bankruptcy Court. On April 13, 2005, the Bankruptcy Court signed the Confirmation Order, and the plan was made effective on April 22, 2005.

As to the discharge of Defendants, the Plan provided as follows:

> 12.03 <u>Discharge of Debtors</u>. Upon the Effective Date and in consideration of the distributions to be made hereunder, except as otherwise expressly provided herein, each holder (as well as any trustees and agents on behalf of each holder) of a Claim or Equity Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by Bankruptcy Code section 1141, of and from any and all Claims, Equity Interests, rights, and liabilities that arose prior to the Effective Date. **Upon the Effective Date, all such persons shall be forever precluded and enjoined, pursuant to Bankruptcy Code section 524, from prosecuting or asserting any such discharged Claim against or terminated Equity Interest in the Debtors.**

*See* Plan, ¶ 12.03, Ex. E, at 33 (emphasis added).

Both the provisions of the Bankruptcy Code and the provisions of the Confirmation Order are clear and unequivocal – Plaintiff's claims for any sums due by Defendants on or before April 22, 2005, have been fully discharged. 11 U.S.C. § 1141(d)(1)(A); *see also In re MTBE Products Liability Litigation*, 341 F.Supp.2d 386, 413 (S.D.N.Y. 2004) (noting that under section 1141(d)(1)(A), confirmation of a bankruptcy reorganization plan discharges all debts that arose prior to confirmation).

### III.    Plaintiff is Enjoined from Filing the Complaint.

Moreover, the provisions of the Bankruptcy Code and the provisions of the Confirmation Order expressly and unequivocally enjoined Plaintiff from taking any action to recover any obligations due by the Defendants to Plaintiff that arose on or before April 22, 2005, the

effective date of the Plan. Section 524 of the Bankruptcy Code provides: "A discharge in a case under this title ... (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor..." 11 U.S.C. § 524(a)(2). Paragraph 12.04 of the Plan provides:

> Injunction. Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Bankruptcy Court, all parties in interest, including all persons and entities who have held, hold, or may hold Claims against or Equity Interests in any or all of the Debtors ...are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors or Reorganized Debtors with respect to any such Claim or Equity Interest, (ii) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order against the Debtors or Reorganized Debtors on account of any such Claim or Equity Interest, (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors or Reorganized Debtors or against the property or interests in property of the Debtors or Reorganized Debtors on account of any such Claim or Equity Interest, (iv) commencing or continuing in any manner any action or other proceeding of any kind with respect to any Claims and Causes of Action which are extinguished or released pursuant to the Plan, and (v) taking any actions to interfere with the implementation or consummation of the Plan ....

Plan, ¶ 12.04, Ex. E, at 33.

Plaintiff's actions are in plain violation of both federal law and a final order issued by the Bankruptcy Court. In a similar case in the District of New Jersey, the Court granted a motion to dismiss a claim for fees under the Telecommunications Act that had arisen prior to the confirmation of the Bankruptcy Plan. *MCI Worldcom Network Servs. v. Graphnet, Inc.*, 2005 WL 1116163, at *12. In the *Worldcom* case, the Court noted that where the Confirmation Plan and the Court's Order approving the Confirmation Plan require discharge of the claims, Section 524(a)(2) of the Bankruptcy Code enjoins parties from pursuing those claims. *Id.*

7

### IV. The Bankruptcy Court has Jurisdiction over Plaintiff's Claims.

Finally, even if Plaintiff had a legal basis to assert its discharged claims, the Bankruptcy Court is the court which has jurisdiction to resolve those claims. Plan, ¶ 14.01, Ex. E. at 37-38. The Plan provides:

> The Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 cases and the Plan ... (a) to hear and determine pending applications for the assumption or rejection of executory contracts...; (b) to hear and determine any and all adversary proceedings, applications, and contested matters; ...(l) to resolve any disputed claims; ... [and] (m) to determine the scope of any discharge of any Debtor under the Plan or the Bankruptcy Code....

*Id.*

Paragraph 43 of the Confirmation Order effectuates section 14.01 of the Plan by providing: "This Court shall retain jurisdiction of the Chapter 11 Cases (a) pursuant to and for the purposes of section 105(a) and 1127 of the Bankruptcy Code, and (b) as set forth in Section 14.01 of the Plan, which is incorporated herein by reference as if set forth <u>in extenso</u>." (Ex. F, at 18).

Plaintiff's Complaint should be dismissed with prejudice because the claims have been discharged, Plaintiff is permanently enjoined from taking any action to recover its discharged claims, and even if it had a legal basis to recover claims against the Defendants, the Bankruptcy Court has jurisdiction over the resolution of the claims.

8

WHEREFORE, for the foregoing reasons, Defendants ATX Communications, f/k/a CoreComm Holdco, Inc., ATX Communications Services, Inc., ATX Licensing, Inc., CoreComm Communications, Inc., and CoreComm Newco, Inc. request that this Court enter an Order dismissing Count I through V of Plaintiff's Complaint with prejudice and without leave to amend.

                                          Respectfully submitted,

                                          Deborah J. Israel (D.C. Bar No. 430841)
                                          Michael R. Sklaire (D.C. Bar No. 445364)
                                          Womble Carlyle Sandridge & Rice, PLLC
                                          1401 Eye Street, N.W., Seventh Floor
                                          Washington, D.C. 20005
                                          Tel: (202) 857-4466
                                          Fax: (202) 267-6910

                                          *Counsel for Defendants ATX Communications, ATX Communications Services, Inc., ATX Licensing, Inc., CoreComm Communications, Inc., and CoreComm Newco, Inc.*

Dated: October 17, 2005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of October, 2005, a true and correct copy of the foregoing Defendants' Motion to Dismiss, accompanying Memorandum in Support of Motion thereof, and proposed Order were served upon the following:

>Jeffrey J. Binder, Esq.
>The Watergate
>2510 Virginia Avenue, N.W.
>Washington, D.C. 20037
>*Counsel for Plaintiff*

_____
Michael R. Sklaire