# United States Bankruptcy Court
# Southern District of New York

In re:   CoreComm-ATX, Inc.                                    Case No. 04-10240 (PCB)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtors' assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtors' liabilities.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 25 | $ 53,994,694.02 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 170,705,131.98 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 78 | | $ 4,130,398.07 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 121 | | $ 33,437,800.97 | |
| G - Executory Contracts and Unexpired Leases | Yes | 72 | | | |
| H - Codebtors | Yes | 3 | | | |
| I - Current Income of Individual Debtor(s) | Not Applicable | Not Applicable | | | $ |
| J - Current Expenditures of Individual Debtor(s) | Not Applicable | Not Applicable | | | $ |
| Total Number of Sheets of All Schedules - | | 302 | | | |
| Total Assets - | | | $ 53,994,694.02 | | |
| Total Liabilities - | | | | $ 208,273,331.02 | |

Pursuant to Rule 1009 of the Federal Rules of Bankruptcy Procedure, the Debtor hereby reserves the right to amend its Schedules of Assets and Liabilities and Statement of Financial Affairs from time to time and at any time to, among other things, correct errors and/or omissions, add or delete creditors, modify the amount and/or priority of claims, and identify claims as contingent, unliquidated, and/or disputed.

In re:   CoreComm-ATX, Inc.                                  Case No. 04-10240 (PCB)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND WIFE JOINT COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| PA USF<br>PO BOX 360395<br>PITTSBURGH PA 15251-6395 | | | UNIVERSAL SERVICE FUND FEES | | | | $ 26,022.00 |
| PA&DE CLEANERS ASSOC<br>PO BOX 340<br>WILLOW GROVE PA 19090 | | | VENDOR PAYABLE | X | | | $ 30.67 |
| PA3<br>800 CORPORATE CIRCLE<br>SUITE 201<br>HARRISBURG PA 17110 | | | VENDOR PAYABLE | | | | $ 6,978.98 |
| PACB<br>2405 NORTH FRONT STREET<br>HARRISBURG PA 17110 | | | VENDOR PAYABLE | X | | | $ 4,798.30 |
| PACIFIC BELL<br>1010 NORTH ST MARYS<br>ROOM 1207<br>SAN ANTONIO TX 78215 | | | VENDOR PAYABLE | | | | $ 4,487.22 |
| PACIFIC TELEMANAGEMENT SERVICES<br>14472 WICKS BOULEVARD<br>SAN LEANDRO CA 94577 | | | VENDOR PAYABLE | X | X | | UNDETERMINED |
| PACIFIC TELEMANAGEMENT SERVICES<br>14472 WICKS BLVD<br>SAN LEANDRO CA 94577 | | | VENDOR PAYABLE | | | | $ 2,265.18 |
| PAETEC COMMUNICATIONS INC<br>ONE PAETEC PLAZA<br>600 WILLOWBROOK OFFICE PARK<br>FAIRPORT NY 14450-4212 | | | VENDOR PAYABLE | | | X | $ 66,696.48 |
| PALMERTON TELEPHONE CO<br>PO BOX 215<br>PALMERTON PA 18071 | | | VENDOR PAYABLE | | | | $ 32,172.33 |
| PALMETTO RURAL TELEPHONE COOP INC<br>PO DRAWER 1577<br>WALTERBORO SC 29488 | | | VENDOR PAYABLE | | | | $ 1,984.17 |
| PAN GREGORIAN ENTERPRISES<br>1700 GALLPING HILL RD<br>KENILWORTH NJ 07033 | | | VENDOR PAYABLE | | | | $ 816.35 |

Schedule F Page 82                                              Subtotal:  $ 146,251.68

In re:   CoreComm-ATX, Inc.                                                      Case No.  04-10240 (PCB)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| PA3<br>SCOTT JACKSON<br>800 CORPORATE CIRCLE<br>SUITE 201<br>HARRISBURG PA 17110 | SALES AND MARKETING OF SERVICES AGREEMENT |
| PACIFIC DESIGN GUILD<br>GEOFFREY S. MILLIKAN<br>244 GAZANIA COURT<br>THOUSAND OAKS CA 91362 | SALES AND MARKETING OF SERVICES AGREEMENT |
| PAETEC COMMUNICATIONS, INC.<br>MESSENGER<br>JOHN<br>ONE PAE TEC PLAZA<br>600 WILLOWBROOK OFFICE PARK<br>FAIRPORT NY 14450 | SETTLEMENT AGREEMENT INCLUDING RESOLUTION OF SWITCHED ACCESS SERVICES DISPUTE BETWEEN PARTIES, AFFILIATES, SUBSIDIARIES & ASSIGNS. |
| PALM PROPERTIES<br>SANDRA L. PALM<br>1726 W. BELMONT AVENUE<br>CHICAGO IL 60657-3020 | SALES AND MARKETING OF SERVICES AGREEMENT |
| PAMELA SORENSEN<br>1404 ESPLANADE COURT<br>APARTMENT 321<br>RESTON VA 20194 | SALES AND MARKETING OF SERVICES AGREEMENT |
| PARKADE MANAGEMENT 2<br>518 MARKET ST., PO BOX 743<br>CAMDEN NJ 08101 | REAL ESTATE LEASE |
| PARKER TECH L.L.C.<br>SHANE PARKER<br>810 REED COURT<br>FLEMINGTON NJ 08822 | SALES AND MARKETING OF SERVICES AGREEMENT |
| PATHCOM<br>WENDY GANNON<br>40 LLOYD AVENUE<br>SUITE 106<br>MALVERN PA 19355 | SALES AND MARKETING OF SERVICES AGREEMENT |
| PAYMENTECH<br>4 NORTHEASTERN BLVD.<br>SALEM NH 03079 | CUSTOMER PAYMENT PROCESSING SERVICES |
| PC MALL<br>PAUL JEBE<br>N92 W14612 ANTHONY AVENUE<br>MENOMONEE FALLS WI 53051 | SALES AND MARKETING OF SERVICES AGREEMENT |

Schedule G Page 54

In re:   CoreComm-ATX, Inc.                                    Case No. 04-10240 (PCB)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

   A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.
   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."
   If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)
   Report the total of all claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.
   ☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

   ☐ **Extensions of credit in an involuntary case:** Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a)(2).

   ☒ **Wages, salaries, and commissions:** Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in U.S.C. § 507 (a)(3)

   ☒ **Contributions to employee benefit plans:** Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(4)

   ☐ **Certain farmers and fishermen:** Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a)(5)

   ☒ **Deposits by individuals:** Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

   ☐ **Alimony, Maintenance, or Support:** Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507 (a)(7).

   ☒ **Taxes and certain other debts owed to governmental units:** Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. § 507 (a)(8).

   ☐ **Commitments to maintain the capital of an insured depository institution:** Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9)

* Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND AND WIFE JOINT | COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| AL DEPARTMENT OF REVENUE-BPT<br>PO BOX 327431<br>MONTGOMERY AL 36132 | | | | TAXES | X | X | | UNDETERMINED | UNDETERMINED |
| AL DEPARTMENT OF REVENUE-CORP TAX<br>PO BOX 327430<br>MONTGOMERY AL 36132 | | | | TAXES | X | X | | UNDETERMINED | UNDETERMINED |
| ALABAMA UTILITY PRIVILEGE LICENSE TAX<br>DEPARTMENT OF REVENUE<br>ALABAMA DEPARTMENT OF REVENUE | | | | TAXES- GENERAL LIABILITY | X | X | | UNDETERMINED | UNDETERMINED |

Subtotal:   UNDETERMINED

In re:   CoreComm-ATX, Inc.                                        Case No. 04-10240 (PCB)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND WIFE JOINT COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| PA USF<br>PO BOX 360395<br>PITTSBURGH PA 15251-6395 | | | UNIVERSAL SERVICE FUND FEES | | | | $ 26,022.00 |
| PA&DE CLEANERS ASSOC<br>PO BOX 340<br>WILLOW GROVE PA 19090 | | | VENDOR PAYABLE | X | | | $ 30.67 |
| PA3<br>800 CORPORATE CIRCLE<br>SUITE 201<br>HARRISBURG PA 17110 | | | VENDOR PAYABLE | | | | $ 6,978.98 |
| PACB<br>2405 NORTH FRONT STREET<br>HARRISBURG PA 17110 | | | VENDOR PAYABLE | X | | | $ 4,798.30 |
| PACIFIC BELL<br>1010 NORTH ST MARYS<br>ROOM 1207<br>SAN ANTONIO TX 78215 | | | VENDOR PAYABLE | | | | $ 4,487.22 |
| PACIFIC TELEMANAGEMENT SERVICES<br>14472 WICKS BOULEVARD<br>SAN LEANDRO CA 94577 | | | VENDOR PAYABLE | X | X | | UNDETERMINED |
| PACIFIC TELEMANAGEMENT SERVICES<br>14472 WICKS BLVD<br>SAN LEANDRO CA 94577 | | | VENDOR PAYABLE | | | | $ 2,265.18 |
| PAETEC COMMUNICATIONS INC<br>ONE PAETEC PLAZA<br>600 WILLOWBROOK OFFICE PARK<br>FAIRPORT NY 14450-4212 | | | VENDOR PAYABLE | | | X | $ 66,696.48 |
| PALMERTON TELEPHONE CO<br>PO BOX 215<br>PALMERTON PA 18071 | | | VENDOR PAYABLE | | | | $ 32,172.33 |
| PALMETTO RURAL TELEPHONE COOP INC<br>PO DRAWER 1577<br>WALTERBORO SC 29488 | | | VENDOR PAYABLE | | | | $ 1,984.17 |
| PAN GREGORIAN ENTERPRISES<br>1700 GALLPING HILL RD<br>KENILWORTH NJ 07033 | | | VENDOR PAYABLE | | | | $ 816.35 |

Schedule F Page 82                                                                 Subtotal:    $ 146,251.68

In re:   CoreComm-ATX, Inc.                                          Case No. 04-10240 (PCB)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

    Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.
    NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.
    ☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 2401 LOCUST ASSOC<br>P O BOX 542<br>BRYN MAWR PA 19010 | REAL ESTATE LEASE |
| ACTION COMMUNICATION<br>ROBERT BOYLAN<br>584 PENN AVENUE<br>SINKING SPRING PA 19608 | SALES AND MARKETING OF SERVICES AGREEMENT |
| ACY<br>MICHAEL J. KUHN<br>342 HOWER STREET, N.E.<br>NORTH CANTON OH 44720 | SALES AND MARKETING OF SERVICES AGREEMENT |
| ADMIRAL INTEGRATION<br>MICHAEL MCENTEE<br>1950 OLD CUTHBERT ROAD<br>SUITE L<br>CHERRY HILL NJ 08034 | SALES AND MARKETING OF SERVICES AGREEMENT |
| ADROIT CONCEPTS<br>CRAIG HANNA<br>207 PINE CREEK ROAD<br>WEXFORD PA 15090 | SALES AND MARKETING OF SERVICES AGREEMENT |
| ADVANCED BUSINESS SECURITY SOLUTIONS<br>DANIEL PHILLIPPY<br>333 BLACKSMITH ROAD<br>DOUGLASSVILLE PA 19518 | SALES AND MARKETING OF SERVICES AGREEMENT |
| ADVANCED MICRO COMPUTER SPECIALISTS, INC.<br>BILL MURRAY<br>411E CAREDEAN DRIVE<br>HORSHAM PA 19044 | SALES AND MARKETING OF SERVICES AGREEMENT |
| ADVANCED NETWORKING SOLUTIONS<br>ERIK EISEN<br>420 DRESHER ROAD<br>BUILDING A<br>HORSHAM PA 19044-2027 | SALES AND MARKETING OF SERVICES AGREEMENT |
| ADVANCED TECHNOLOGIES SUPPORT GROUP, INC.<br>GERALD MARKOWITZ<br>10075 RED RUN BLVD.<br>SUITE 550<br>OWINGS MILLS MD 21117 | SALES AND MARKETING OF SERVICES AGREEMENT |

In re:   CoreComm-ATX, Inc.                                              Case No. 04-10240 (PCB)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property sales, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ATX COMMUNICATIONS INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| ATX LICENSING INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| ATX TELECOMMUNICATIONS SERVICES OF<br>VIRGINIA LLC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CCL HISTORICAL INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM COMMUNICATIONS INC.<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM ILLINOIS INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM INTERNET GROUP INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM MARYLAND INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM MASSACHUSETTS INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM MICHIGAN INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM MISSOURI INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM NEW JERSEY INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |

In re:   CoreComm-ATX, Inc.                                    Case No. 04-10240 (PCB)

## SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| CORECOMM NEWCO INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM OHIO INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM PENNSYLVANIA INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM RHODE ISLAND INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM SERVICES LLC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM VERMONT INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM VOYAGER INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORECOMM WISCONSIN INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| CORTELYOU COMMUNICATIONS CORP<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| DIGICOM INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| FCC HOLDCO I INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| FIBERSTREAM INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| FIBERSTREAM OF NEW YORK INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| HORIZON TELECOMMUNICATIONS INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |

In re:  CoreComm-ATX, Inc.                                          Case No.  04-10240 (PCB)

## SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| MEGSINET INTERNET INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| VOYAGER DATA SERVICES INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |
| VOYAGER INFORMATION NETWORKS INC<br>2100 RENAISSANCE BLVD<br>KING OF PRUSSIA PA 19406 | LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 |

## United States Bankruptcy Court
### Southern District of New York

In re   CoreComm-ATX, Inc.                                  Case No. 04-10240 (PCB)
                                                            Chapter 11

# DECLARATION CONCERNING DEBTOR'S SCHEDULES
## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Restructuring Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 303 sheets [total shown on summary page plus 1], and that they are true and correct to the best of my knowledge, information, and belief.

Date   March 16, 2004              Signature   /S/ Stephen Marotta

                                               Stephen Marotta
                                               Chief Restructuring Officer

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571

**These Global Notes (the "Global Notes") Regarding Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") Comprise an Integral Part of the Schedules and SOFAs and Should be Referred to and Considered in Connection With any Review of Them.**

1. The Schedules of Assets and Liabilities (the "Schedules") of CoreComm New York, Inc. and its affiliated debtors in the above-captioned, jointly administered Chapter 11 cases and of CoreComm Maryland, Inc.[1] (collectively, the "Debtors") have been prepared pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure by management of the Debtors and are unaudited. The information provided herein is as of the close of business on January 15, 2004 for the Debtors other than CoreComm MD, and on March 10, 2004 for Core Comm MD (as applicable, the "Petition Date"). The financial affairs and businesses of the Debtors are large and complex. While the Debtors' management has made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based upon information that was available to them at the time of preparation, inadvertent errors and/or omissions may exist and/or the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and/or SOFAs. Moreover, because the Schedules contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that these Schedules are complete or accurate.

2. The Debtors reserve all rights to amend the Schedules and/or the SOFAs in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed." Furthermore, nothing contained in the Schedules shall constitute a waiver of the Debtors' rights with respect to these Chapter 11 cases and, specifically, with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

3. The preparation of the Schedules required the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

---

[1] CoreComm Maryland, Inc. ("CoreComm MD") filed a voluntary chapter 11 petition on March 10, 2004. A motion seeking to jointly administer CoreComm MD under the caption In re CoreComm New York, Inc., et al. will be filed shortly.

i

4. Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated at this time. In such cases, the amounts are listed as "Unknown" or "Undetermined." Accordingly, the Schedules may not accurately reflect the aggregate amount of the Debtors' assets and liabilities.

5. The Debtors have sought to allocate liabilities between pre-petition and post-petition periods based on information from research that was conducted in connection with the preparation of the Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change. In addition, the Debtors also reserve the right to change the attribution of liability from a particular Debtor to another to the extent additional information becomes available and amend the Schedules accordingly.

6. Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States (the "GAAP"), the aggregate asset values and claim amounts set forth in the Schedules do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7. It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, unless otherwise indicated, net book values, rather than current market values, of the Debtors' interests in property are reflected on the applicable Schedules or SOFAs. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value and are not reflected on the schedules. Unless otherwise indicated, all asset amounts are listed as of the applicable petition date (January 15, 2004 for all Debtors other than CoreComm MD, and March 10, 2004 for CoreComm MD), and claim amounts are listed as of the applicable petition date.

8. The Debtors participate in a centralized cash management system whereby Debtors CoreComm Services, LLC, CoreComm Newco, Inc. and CoreComm-Voyager, Inc. (the "Disbursing Debtors") make payments on behalf of all of other affiliated Debtors, including disbursements to other insiders. To the extent possible, these payments have been reported on the Schedules of the Debtor for whom the payment was made. If the Debtors were unable to determine the affiliate Debtor for whom the payment was made, the applicable payment was recorded in the Schedules and SOFAs of the applicable Disbursing Debtor. In addition, inter-company transfers to Disbursing Debtors may have been made for purposes of funding the payment of a Debtor's obligations to third parties and/or other insiders.

9. Accounts Receivable are not presented net of allowance for doubtful accounts and without offsetting for any mutual counterparty accounts payable, open or terminated contract liabilities, liquidated damages, setoff rights or collateral held by the Debtor. Likewise, Accounts Payable are shown without consideration of offsetting accounts receivable, open or terminated contracts, liquidated damages, setoff rights or collateral that has been posted on behalf of the counterparty. If these accounts were shown net of potential setoffs, the dollar amounts could change significantly.

10. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtor, or inchoate statutory lien rights. Such counterparties have been listed on Schedule F.

11. Pursuant to various orders issued by the Court, the Debtors were authorized to pay certain outstanding pre-petition claims, including, but not limited to: (i) claims relating to or held by common carriers and warehousemen; (ii) employee compensation, benefits, reimbursable business expenses and related administrative costs; (iii) sales, use and other trust-fund related taxes; (iv) claims related to customer programs; and (v) claims of certain critical vendors. To the extent such a claim is listed on the Schedules, the Debtors do not waive any right to amend the Schedules or subsequently object to such claims.

12. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as barter agreements, easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure or substance of any transaction, or any document or instrument (including without limitation, any intercompany agreement). Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, each Debtor reserves the right to assert that such agreements constitute executory contracts.

13. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

14. The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and financial advisors be liable or to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and financial advisors are advised of the possibility of such damages.

In re:   CoreComm-ATX, Inc.                                              Case No. 04-10240 (PCB)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND WIFE JOINT | COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| FIRSTRUST BANK<br>107 COULTER AVENUE<br>ARDMORE PA 19003 | | | | LETTER OF CREDIT FOR LEASE AGREEMENT | X | | | $ 492,500.00 | $ 0.00 |
| LEUCADIA NATIONAL CORPORATION<br>25 G STREET<br>SALT LAKE CITY UT 84103 | X | | | AMENDED AND RESTATED CREDIT AGREEMENT DATED AS OF APRIL 11, 2001, AS AMENDED, AND THE PURCHASE AGREEMENT DATED AS OF DECEMBER 19, 2003 WITH JP MORGAN CHASE BANK AND OTHER LENDERS TOGETHER WITH ALL RELATED DOCUMENTS INCLUDING SECURITY AGREEMENTS, SUBSIDIARY GUARANTEES AND THE LIKE. SENIOR SECURED DEBT AND ACCRUED INTEREST SECURED BY SUBSTANTIALLY ALL OF THE ASSETS OF THE DEBTOR. | | | | $ 170,212,631.98 | $ 0.00 |

Subtotal: $ 170,705,131.98

Total: $ 170,705,131.98