UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
CORECOMM NEW YORK, INC., et al.,                   :    Case No. 04-10214 (PCB)
                                                   :
          Debtors.                                 :    (Jointly Administered)
------------------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) SETTING MAY 24, 2004 AS THE LAST DATE TO FILE PROOFS OF CLAIM

Upon the annexed motion, dated March 25, 2004 (the "Motion"), of the above captioned debtors and debtors in possession (collectively, the "Debtors") for an order pursuant to Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure setting May 24, 2004 at 5:00 p.m. (prevailing Eastern Time) as the last date and time for filing certain proofs of claim in the Debtors' chapter 11 cases; and notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary or required; and the Court having determined that the relief requested herein is in the best interests of the Debtors, their estates, creditors and other parties in interest; and after due deliberation, and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED and DECREED that:

1. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2. Except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior the Petition Date, or with respect to CoreComm MD, the CoreComm MD Petition Date,

shall file a proof of such claim in writing so that it is received on or before 5:00 p.m. (prevailing Eastern Time) on May 24, 2004 (the "Bar Date"); provided, however, that in accordance with section 502(b)(9) of the Bankruptcy Code, governmental units that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior the Petition Date, or with respect to CoreComm MD, the CoreComm MD Petition Date, shall file a proof of such claim so that it is received on or before 5:00 p.m. (prevailing Eastern Time) on July 13, 2004.

    3.    The following procedures for the filing of proofs of claim shall apply:

    (a)    Proofs of claim must conform substantially to Form No. 10 of the Official Bankruptcy Forms or the Proof of Claim provided;

    (b)    Proofs of claim shall be filed at the following locations:

by regular mail

United States Bankruptcy Court
Southern District of New York
RE: CoreComm New York, Inc., et al.
P.O. Box 5077
Bowling Green Station
New York, NY 10274

by overnight mail or messenger

United States Bankruptcy Court
Southern District of New York
RE: CoreComm New York, Inc., et al.
One Bowling Green
Room 511
New York, NY 10004-1408

(c) Proofs of claim will be deemed filed only when <u>actually received</u> by the Claims Processing Center on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation, except as noted below (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency as of the Petition Date (or, in the case of CoreComm MD, prior to the CoreComm MD Petition Date); and

(e) Proofs of claim must specify by name and case number the Debtor against which the claim is filed; if the holder asserts a claim against more than one Debtor or has claims against different Debtors, **a separate proof of claim form must be filed with respect to each Debtor against which the holder asserts a claim.**

4. The following persons or entities need not file a proof of claim on or prior to the Bar Date:

(i) any person or entity that has already properly filed, with the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "Clerk's Office"), a proof of claim against the correct Debtor(s) utilizing a claim form that substantially conforms to Official Form No. 10;

(ii) any person or entity (i) whose claim is listed on the Schedules, (ii) whose claim is **not** described therein as "disputed," "contingent," or "unliquidated," (iii) who does not dispute the specific Debtor against which such person's or entity's claim is listed **and** (iv) who does not dispute the amount or type (<u>i.e.</u>, secured, priority unsecured or non-priority unsecured) of the claim for such person or entity as set forth in the Schedules;

(iii) claims previously allowed by order of the Court entered on or before the Bar Date;

(iv) claims that have been paid by the Debtors;

(v) claims allowable under sections 503(b) and 507(a) of the Bankruptcy Code as expenses of administration, including, but not limited to, claims for professional compensation relating to the period on and after the Petition Date or the CoreComm MD Petition Date, as applicable;

3

(vi)  claims of Debtors against other Debtors;

(vii) any person or entity that wishes to assert a claim based solely on an interest in any Debtor, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest;

(viii) any claim which is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Note Claim") arising from any bond, note or debenture issued by the Debtors under the indenture issued by the Debtors in connection with the 6.00% Convertible Subordinated Notes, due 2006 (the "Indenture" and the notes issued thereunder, the "Notes"); <u>provided, however</u>, that (A) the foregoing exclusion in this subparagraph (viii) shall not apply to the indenture trustee under the Indenture (the "Indenture Trustee"), and (B) any former or current holder of a Note Claim wishing to assert a claim, other than a Note Claim, arising out of or relating to the Indenture or related notes that arises out of or relates to the ownership or purchase of a Note or Indenture, including, but not limited to, claims arising out of or relating to the purchase, sale, issuance, or distribution of a Note or Indenture, must file proofs of claim on or before the Bar Date unless another exception identified herein applies; and

(ix)  any claims of customers of the Debtors on account of customer deposits for services provided by the Debtors.

5. The Indenture Trustee explicitly is authorized to file a single proof of claim related to the Note Claims arising under the Indenture, <u>provided, however</u>, that Indenture Trustee shall not (i) be authorized to file a claim relating to the Indenture or the Notes that arises out of or relates to the ownership or purchase of such indentures or notes, including, but not limited to, claims arising out of or relating to the purchase, sale, issuance, or distribution of the Notes, or any claim pursuant to section 510(b) of the Bankruptcy Code; or (ii) be required to attach supporting documentation with respect to its proof of claim.

6. Any holder of a claim respecting an unexpired lease or executory contract of a Debtor that relates to damages that may arise if such executory contract or unexpired lease were rejected by the applicable debtor, which lease or contract (an "Agreement") was not

4

effectively assigned by the respective Debtor prior to the Petition Date (or, in the case of CoreComm MD, prior to the CoreComm MD Petition Date), is required to file a claim by the later of: (a) the date provided in any order authorizing the Debtor to reject such Agreement or, if no such date is provided, then thirty (30) days after the date of service of any such order by the Debtors to the counter-party to the then-rejected executory contract or lease, and (b) the Bar Date; provided, however, that if an Agreement is not rejected prior to the time such Agreement expires by its express terms, such claims must be filed by the later of: (i) the Bar Date, and (ii) thirty (30) days after such date of expiration.

7. Notwithstanding the forgoing, any holder of a claim for indemnification, whether such claim arises pursuant to a contract, agreement, the by-laws or articles of incorporation of or otherwise involving any of the Debtors, or by statute, law or otherwise, must file a proof of claim with respect to such indemnification claim on or before the Bar Date or such holder shall be forever barred, estopped and enjoined in the same manner as other claims set forth herein.

8. If the Debtors amend or supplement the Schedules subsequent to the date of entry of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline.

9. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets, recoupment rights or defenses to any claim reflected in the Schedules or assert any defenses related to substantive consolidation, equitable subordination and/or causes of action arising under the provisions of Chapter 5 of the

Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers or any other defenses to any claim therein as to amount, liability or classification.

   10. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply strictly with this Order by timely filing a proof of claim in appropriate form, unless explicitly excepted from filing such claim herein, shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

   11. A copy of the notice substantially in the form annexed to the Motion as <u>Exhibit C</u> is approved and shall be deemed adequate and sufficient if served by first-class mail no later than seven days after the date of entry of this Order on:

  (i) the U.S. Trustee;

  (ii) attorneys for the Debtors' prepetition and proposed postpetition lenders;

  (iii) each member of the Committee appointed in these chapter 11 cases and the attorneys for the Committee;

  (iv) all known holders of claims listed on the Schedules at the addresses stated therein;

  (v) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

  (vi) all state attorneys general and state departments of revenue for states in which the Debtors conduct business;

  (vii) the District Director of Internal Revenue for the Southern District of New York and the Internal Revenue Service in Washington, D.C.;

  (viii) the Securities and Exchange Commission (in New York and in Washington, D.C.);

  (ix) the United States Attorney for the Southern District of New York and the Department of Justice in Washington, D.C.;

  (x) the Federal Communications Commission; and

  (xi) the Indenture Trustee and its respective counsel.

12. With regard to those holders of claims listed on the Schedules, the Debtors shall mail a Bar Date Notice, substantially in the form annexed to the Motion as <u>Exhibit C</u>, and one or more proof of claim forms (as appropriate) substantially similar to the Proof of Claim form annexed to the Motion as <u>Exhibit B</u>. Such notice is hereby approved and shall be deemed good, adequate and sufficient notice of the Bar Date.

13. Pursuant to Bankruptcy Rule 2002(f), the Debtors shall publish notice of the Bar Date in substantially the form annexed to the Motion as <u>Exhibit D</u> (the "Publication Notice") once in either <u>The Wall Street Journal</u> (National Edition) or <u>The New York Times</u> (National Edition), on or before thirty (30) days prior to the Bar Date. Such publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Date.

14. The Debtors and Donlin are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

16. Except as explicitly provided herein, any creditor who is required but fails to file a proof of claim in accordance with this Order on or before the Bar Date (or such other date established hereby), including, but not limited to, <u>asserting such creditor's claim against the correct Debtor</u>, shall be forever barred, estopped and enjoined from asserting such claim against any of the Debtors (or filing a proof of claim with respect thereto), and the Debtors and their

respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted on account of such claim to vote on any plan or participate in any distribution in the Debtors' chapter 11 cases.

17. The provisions of this Order apply to all claims of whatever character against the Debtors or their property, whether secured or unsecured, liquidated or unliquidated, fixed or contingent.

Dated: New York, New York
       April 8, 2004

/s/ Prudence Carter Beatty
UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION:**

/s/ KFW
CLERK OF THE UNITED STATES
BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK