UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                              :        Chapter 11
                                                   :
CORECOMM NEW YORK, INC., et al.,                   :        Case No. 04-_____ (      )
                                                   :
                        Debtors.                   :        (Jointly Administered)
------------------------------------------------------x

### MOTION FOR ORDER (I) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES; (II) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE TO DEBTORS; AND (III) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS OF UTILITY COMPANIES FOR ADDITIONAL ASSURANCES OF FUTURE PAYMENT

TO:     THE HONORABLE JUDGES OF THE
        UNITED STATES BANKRUPTCY COURT FOR
        THE SOUTHERN DISTRICT OF NEW YORK:

        The above-captioned debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors"), by and through their proposed attorneys, Willkie Farr & Gallagher LLP, respectfully represent:

### JURISDICTION

        1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 366 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

### BACKGROUND

        2.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief with this Court under chapter 11 of the Bankruptcy Code.  The

1321190.1

Debtors intend to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Simultaneously herewith, the Debtors are seeking to consolidate their chapter 11 cases for procedural purposes only.

3.     No trustee, examiner or committee has been appointed in these cases at this time.

4.     ATX Communications, Inc. is a publicly held corporation and the sole shareholder of CoreComm Communications, Inc. ("CoreComm Communications") and CCL Historical, Inc. ("CCL"). CCL is the direct or indirect owner of a majority of shares of Fiberstream, Inc. and Fiberstream of New York, Inc. CoreComm Communications, a holding company, is the direct or indirect owner of a majority of shares of each of the remaining Debtor corporations. CoreComm Communications is also the sole member of CoreComm Services LLC and is the indirect owner of a majority of shares of ATX Licensing, Inc., the sole member of ATX Telecommunications Services of Virginia, LLC. Each of the foregoing entities is a Debtor in these cases.

5.     The Debtors are facilities-based integrated communications providers that offer local and long distance, telephone, Internet, high-speed data and related communications services to business and residential customers in targeted markets throughout the Mid-Atlantic and Mid-West regions of the United States. As of November 30, 2003, the Debtors had 256,800 business local access lines, 41,600 residential local access lines, 526,700 toll-related access line equivalents, 249,500 Internet subscribers and 39,900 data and web-related customers. The Debtors' Mid-Atlantic customers are located principally in Pennsylvania, New Jersey, Maryland, New York, Virginia, Delaware and Washington D.C., and their Mid-West customers are located principally in Ohio, Michigan, Wisconsin, Illinois and Indiana.

1321190.1

6.      The Debtors operate through two (2) divisions: (i) Commercial Services, which targets small and medium sized enterprises, as well as larger corporations, with bundled telephony and data services, and (ii) Consumer Services, which targets primarily residential customers with telephony and Internet access services.  The Debtors maintain an "intelligent" network that incorporates both owned and leased switch and network facilities.  This configuration of locally and regionally owned and leased facilities allows the Debtors to deliver a comprehensive range of communications services over a broad geographic area within their operating regions.

7.      As of November 30, 2003, the Debtors employed approximately 1,212 employees in more than 35 offices and 10 switch centers across their operating regions. For the twelve-month period ending December 31, 2002, the Debtors reported consolidated revenues of approximately $293,721,000.  For the eleven-month period ending November 30, 2003, the Debtors reported consolidated unaudited revenues of approximately $256,993,000.

## THE UTILITY COMPANIES

8.      In connection with the operation of their businesses and the management of their properties, the Debtors obtain electricity, water, telecommunications and other services (collectively, the "Utility Services") from many different utility companies and telecommunication vendors throughout the United States (the "Utility Companies") under tariffs and other similar arrangements.  Annexed hereto as Exhibit A is a list of substantially all of the Utility Companies that provide Utility Services to the Debtors, as of the Petition Date.  The relief

1321190.1

requested herein is being sought with respect to all Utility Companies providing Utility Services
to the Debtors and is not limited to those identified on Exhibit A.[1]

9.    The continuation of Utility Services to the Debtors is critical. Without
such services — particularly those provided by the telecommunication utilities — the Debtors
could suffer a catastrophic loss of revenue that would immediately imperil their restructuring
efforts and, potentially, their survival. In addition, any disruption in Utility Services would
significantly impair, if not cripple, the Debtors' ability to service their customers, severely
hamper the Debtors' ability to communicate with their personnel, and cause the loss of important
computerized records and information.[2]  In addition, disruption of Utility Services would in most
instances cause a disruption of the services provided by the Debtors to their customers which, in
addition to causing a significant number of customers to leave for other carriers and thereby
seriously impair the value of the Debtors' customer base (one of their most valuable assets),
would also cause customers (including hospitals, government and judicial facilities, schools, etc.)
to lose telephone service to critical health and safety services such as E-911.

10.    To the best of the Debtors' knowledge, there are no significant defaults or
arrearages with respect to undisputed Utility Service invoices, other than payment interruptions
caused by the preparation for and commencement of these chapter 11 cases, amounts that may
have come due in the month before the Petition Date, and other than as set forth below.

---

[1]    The inclusion on or exclusion from Exhibit A or any supplement thereof does not constitute a
binding determination or admission by the Debtors that an entity is a provider of "utility services"
or a "utility" for the purposes of Section 366 of the Bankruptcy Code, and the Debtors expressly
reserve all rights, claims and defenses with respect to such matters.

[2]    As noted above, in addition to telephone service, the Debtors' businesses and operations also
require various other utility services on a regular basis.

1321190.1

11.     Pursuant to section 366 of the Bankruptcy Code, within twenty (20) days after the commencement of a bankruptcy case, a utility may not discontinue service to a debtor solely on the basis of the commencement of the case or the failure of the debtor to pay a prepetition debt.  11 U.S.C. §366.[3]  Following the 20 day period, however, utilities arguably may discontinue service to a debtor if the debtor does not provide adequate assurance of future performance of its postpetition obligations (and assuming the absence of any regulatory or other legal restrictions that might prevent such action).[4]

12.     If the Utility Companies are permitted to terminate Utility Services on the 21st day after the Petition Date, the Debtors could be forced to cease operation of some, if not all, of their facilities, resulting potentially in a substantial loss of revenues, and the Debtors' businesses will be irreparably harmed.  The impact on the Debtors' business operations, revenues and restructuring efforts would be extremely harmful and would jeopardize the Debtors' survival and restructuring efforts, and in addition would jeopardize the health, safety and welfare of the

---

[3]     Section 366 of the Bankruptcy Code applies to entities that are traditionally viewed as utilities, such as those that provide electricity, telephone service or water, and to any entity that supplies services that cannot be readily obtained or replaced elsewhere, or which constitutes a monopoly with respect to the services that it provides to the debtor.  See e.g., One Stop Realtour Place, Inc. v. Allegiance Telecom of Pennsylvania, Inc., 268 B.R. 430 (Bankr. E.D. Pa. 2001) (provider of telephone service is a utility regardless of whether telephone service may be available from another provider); In re Coastal Dry Dock & Repair Corp., 62 B.R. 879, 883 (Bankr. E.D.N.Y. 1986) (landlord of the Brooklyn Navy Yard "occupies 'a special position with respect to the debtor' in its role as the [debtor's] utility supplier").  Despite the wide latitude afforded in determining those entities that constitute utilities under section 366, some of the companies listed in Exhibit A may also provide goods or services to the Debtors in a capacity other than that of a utility.  With respect to any such goods or services, such companies are not entitled to adequate assurance under section 366.

[4]     Certain Utility Companies could be required to maintain the provision of services to the Debtors under various state and/or federal laws regulating those services.  The Debtors are not offering any sort of perspective on how those laws may apply to the Utility Companies in the circumstances presented by the instant motion, and nothing set forth herein should be construed as any form of admission, concession or acknowledgement regarding the manner in which such laws may or may not apply.

Debtors' customers who rely on the Debtors' services for access to E-911 and other critical

services.  It is therefore essential that Utility Services continue uninterrupted.

## RELIEF REQUESTED

13.     By this motion (the "Motion"), the Debtors request entry of an order (a)

determining that the Utility Companies have "adequate assurance of payment" within the

meaning of section 366 of the Bankruptcy Code, without the need for payment of additional

deposits or security, (b) prohibiting the Utility Companies from altering, refusing or

discontinuing any Utility Services, and (c) establishing procedures for determining requests by

Utility Companies for additional assurances of future payment beyond those set forth in this

Motion.

14.     The Debtors propose to provide adequate assurance of payment for Utility

Services rendered to the Debtors by the Utility Companies following the Petition Date in the

form of payment as an administrative expense of their chapter 11 estates pursuant to sections

503(b) and 507(a)(1) of the Bankruptcy Code.  The Debtors propose that the foregoing method

of providing adequate assurance be without prejudice to the rights of any Utility Company to

seek additional assurance for itself and that any burden of proof shall remain unaffected by the

Court's approval of the methods proposed herein.

15.     The Debtors request that the Court issue an order establishing the

following procedures for determining requests by Utility Companies for additional assurances of

future payment beyond those set forth in this Motion.  Within five (5) business days after the

Court's entry of an order providing the relief requested herein, the Debtors will serve a copy of

such order by first-class mail on all of the Utility Companies listed on Exhibit A.  Such order

will provide that in the event any Utility Company desires to request additional assurances of

payment in the form of deposits or other security, such Utility Company shall deliver a request to

1321190.1

the Debtors in writing within twenty-five (25) days of the date that the order is entered setting forth the nature of the adequate assurance payment desired, the basis upon which such request is being made, and a summary of the Debtors' payment history relevant to the affected accounts, and the location for which utility services were provided) (the "Adequate Assurance Request"). In the event that a Utility Company makes a timely Adequate Assurance Request, and in the event that the Debtors believe that such request is unreasonable, the parties shall promptly meet and confer for the purpose of negotiating a mutually acceptable form of adequate assurance arrangement. If the parties are unable to reach agreement on the form of adequate assurance arrangement, then the Debtors promptly shall file a motion for the determination of adequate assurance of payment and set such motion for a hearing (a "Determination Hearing"). Any Utility Company requesting additional assurance shall be prohibited from discontinuing, altering or refusing service to the Debtors and shall be deemed to have adequate assurance of payment unless and until the Court issues a final order to the contrary in connection with a Determination Hearing.

16.    Notwithstanding the foregoing and the inclusion on or exclusion of a Utility Company from Exhibit A, the Debtors reserve the right to challenge whether a Utility Company (as defined herein) is, with respect to the Debtors, a "utility" or provides "utility services" for purposes of section 366 of the Bankruptcy Code and therefore whether the parties' rights and obligations should be governed by the applicable agreement and section 365, as opposed to section 366, of the Bankruptcy Code.

17.    For example, prior to the Petition Date, the Debtors were involved in litigations and billing disputes with certain regional bell operating companies, including Verizon Communications Corp. and certain of its affiliates ("Verizon"), and SBC Communications, Inc.

and certain of its affiliates ("SBC").  In connection with these disputes, the Debtors ultimately

entered into agreements (the "Stand Still Agreements") with each of Verizon and SBC pursuant

to which the parties agreed to implement certain payment arrangements designed to preserve the

status quo.  The Stand Still Agreements were entered into on or about August 28, 2002 in the

case of Verizon and June 25, 2003, in the case of SBC.  In each case, ATX agreed to pay a

stipulated monthly amount (the "Run Rate Amount") that was designed to approximate the

average undisputed monthly billings.  The Run Rate Amount was subject to adjustment to reflect

certain changed circumstances.  In consideration for such payments, Verizon and SBC agreed

not to terminate service to ATX, to embargo new orders, demand or take certain other actions

that would threaten ATX's service.

        18.    In light of the Stand Still Agreements, the Debtors currently are analyzing

whether it is more appropriate for Verizon and SBC to be treated as Utility Companies within the

meaning and subject to the provisions of section 366 of the Bankruptcy Code, or whether the

relationship and the course of conduct between the Debtors and the Verizon and SBC is more

appropriately governed by the Stand Still Agreements, various agreements and section 365 of the

Bankruptcy Code.  Other than the payments that were due in the month prior to the Petition Date,

the Debtors have made all payments required under the Stand Still Agreements since the time

those agreements were executed.[5]  The Debtors intend to discuss these matters with Verizon and

SBC with the hope of reaching a consensual resolution of the matter.  However, pending

---

[5]      The Stand Still Agreement between the Debtors and Verizon provides, inter alia, that the Debtors would
pay Verizon an amount equal to their approximate "run rate" for services rendered beginning 30 days after
the date of the Agreement.  Following a judicial determination in response to ATX's petition for a
declaratory judgment that payments should have been made in accordance with ATX's interpretation of the
agreement, the Debtors have timely complied with their payment obligations under the Verizon Standstill
Agreement (except for the payment due on or about December 27, 2003, which was not made in
contemplation of the Debtors' chapter 11 filings).

resolution by the parties or a determination by the Court, the Debtors do not intend to make the

payments required under the Stand Still Agreements (although they are able to do so) unless

Verizon and SBC confirm that no further adequate assurance of future performance is required.

## BASES FOR RELIEF

19.    Section 366 of the Bankruptcy Code provides as follows:

(a)    Except as provided in subsection (b) of this section, a utility may
not alter, refuse, or discontinue service to, or discriminate against, the trustee or
the debtor solely on the basis of the commencement of a case under this title or
that a debt owed by the debtor to such utility for service rendered before the order
for relief was not paid when due.

(b)    Such utility may alter, refuse, or discontinue service if neither the
trustee nor the debtor, within 20 days after the date of the order for relief,
furnishes adequate assurance of payment, in the form of a deposit or other
security, for service after such date.  On request of a party in interest and after
notice and a hearing, the court may order reasonable modification of the amount
of the deposit or other security necessary to provide adequate assurance of
payment.

11 U.S.C. § 366.  Section 105(a) of the Bankruptcy Code provides, in relevant part, "[t]he court

may issue any order, process, or judgment that is necessary or appropriate to carry out the

provisions of this title."  11 U.S.C. §105(a).

20.    As discussed above, following the 20-day period after the Petition Date,

section 366 of the Bankruptcy Code contemplates that the Utility Companies may discontinue

service to the Debtors if the Debtors do not provide adequate assurance of future performance of

their postpetition obligations.  An interruption of any Utility Service in these chapter 11 cases

would severely disrupt the Debtors' business operations, resulting in irreparable harm to the

Debtors' restructuring efforts.

21.    "Adequate assurance" under section 366 is not synonymous with

"adequate protection."  In determining adequate assurance, the Court is not required to give the

Utility Companies the equivalent of a guaranty of payment, but must only determine that the

1321190.1

utility is not subject to an unreasonable risk of non-payment for postpetition services.  See In re Caldor, Inc.-NY, 199 B.R. 1 (S.D.N.Y. 1996); In re Utica Floor Maintenance, Inc., 25 B.R. 1010 (N.D.N.Y. 1982); In re George C. Frye Co., 7 B.R. 856, 858 (Bankr. D. Me. 1980).  Further, in making a determination as to the need for any additional postpetition deposit, the Court should ensure that the utility is treating the debtor the same as it would treat a similarly situated, non-bankruptcy debtor.  In re Utica, 25 B.R. at 1013.

22.    Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case.  Id. at 1016.  Under section 366(b) of the Bankruptcy Code, the court may determine the standards for adequate assurance of future payments for Utility Services.  Bankruptcy courts have the exclusive responsibility for determining what constitutes adequate assurance for payment of postpetition utility charges, and are not bound by local or state regulations.  See In re Begley, 41 B.R. 402, 405-06 (Bankr. E.D. Pa. 1984), aff'd, 760 F.2d 46 (3d Cir. 1985).  Determinations of adequate assurance under section 366 are fully within the Court's discretion.  Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646, 650 (2d Cir. 1997).

23.    The United States Court of Appeals for the Second Circuit has held that where, as here, debtors have paid their utility bills timely prior to the commencement of their chapter 11 cases, the administrative expense priority provided in sections 503(b) and 507(a)(1) of the Bankruptcy Code constitutes adequate assurance of payment, and no deposit or other security is required.  See Id.; see also In re George C. Frye Co., 7 B.R. at 858.

24.    As stated above, to the best of the Debtors' knowledge, there are no significant defaults or arrearages with respect to undisputed Utility Service invoices, other than payment interruptions caused by the preparation for and commencement of these chapter 11

cases (including the Debtors' failure to make the payments due on or about December 27, 2003 and December 17, 2003 to Verizon and SBC, respectively). In addition, except as set forth in paragraph 18 above, the Debtors intend to continue to pay all undisputed postpetition obligations, including utility bills, as billed and when due. Moreover, the Debtors have negotiated a $5 million postpetition financing facility and consensual cash collateral usage arrangement with Leucadia National Corporation, which, subject to Court approval, should constitute adequate assurance for the Utility Companies of the Debtors' ability to make timely future payments of its obligations.

25.    The adequate assurance proposed herein, which includes explicitly granting administrative expense priority to any undisputed postpetition utility obligations, will provide more than sufficient protection to the Utility Companies. Further, the relief requested herein ensures that the Debtors' business operations will not be disrupted but also provides the Utility Companies with a fair and orderly procedure for determining requests for additional adequate assurance.

26.    The Debtors' proposed method for furnishing adequate assurance of payment for postpetition Utility Services is in keeping with the spirit and intent of section 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility Company, and is in the best interest of the Debtors' estates. Moreover, relief similar to that requested herein has been granted by courts in this and other districts in other cases. See, e.g., In re Enron Corp., Inc., Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001); In re Global Crossing Ltd., Case No. 02-40188 (REG) (Bankr. S.D.N.Y. 2002); In re Bethlehem Steel Corp., et al., Case Nos. 01-15288 through 01-15302, 01-15308 through 01-015315 (BRL) (Bankr. S.D.N.Y. 2001); In re Rhythms Netconnections, Inc., et al., Case Nos. 01-14283 through 01-14287 (BRL) (Bankr. S.D.N.Y.

1321190.1

2001); In re Bradlees Stores, Inc., et al., Case Nos. 00-16033, 00-16035 and 00-16036 (BRL) (Bankr. S.D.N.Y. 2000); In re CWT Specialty Stores, Inc., Case No. 00 B 10758 (JHG) (Bankr. S.D.N.Y. 2000); In re The Wiz, Inc., et al., Case Nos. 97-48257 through 97-48346 (Bankr. S.D.N.Y. 1997); In re The Conran's Stores, Inc., Case No. 94 B 40097 (JGH) (Bankr. S.D.N.Y. 1994); In re R.H. Macy & Co., Case No. 92 B 40477 (BRL) (Bankr. S.D.N.Y. 1992); In re Best Products Co., Inc., et al., Case Nos. 91 B 10048 through 91 B 10053 (TLB) (Bankr. S.D.N.Y. 1991).

## SUPPLEMENTING OF EXHIBITS

27.     The Debtors request that they be authorized to supplement the list of Utility Companies in Exhibit A hereto to add Utility Companies not currently listed, but subsequently identified by the Debtors.  If and to the extent that the Debtors supplement Exhibit A, they will provide notice and a copy of the order granting this Motion to any such subsequently identified utility Company.  The Debtors propose that such Utility Company be subject to the scope of the order approving the Motion from the date of service thereof and be afforded twenty-five (25) days from the date of such service to make a request to the Debtors for additional adequate assurance.

28.     Contemporaneously with the service of the notice and order as described above, the Debtors will file with the Court a supplement to Exhibit A, adding the names of each Utility Company so served.  Such a procedure will avoid the need for requests to modify or amend any order granting this Motion yet still afford any such subsequently identified Utility Companies their due process rights.

## NOTICE

29.     Notice of this Motion will be given to (a) the United States Trustee for the Southern District of New York, (b) counsel for the agent to the Debtors' prepetition and

-12-

1321190.1

proposed postpetition secured lenders, and (c) the parties listed on the Debtors' consolidated list of thirty (30) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is required.

30.    No previous motion for the relief sought herein has been made to this or any other court.

31.    Because this Motion raises no novel issues of law, and the authorities relied upon herein are set forth above, the Debtors respectfully submit that the Motion itself satisfies the requirements of Local Bankruptcy Rule 9013-1(b) regarding the submission of a memorandum of law.

1321190.1

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an Order,

substantially in the form annexed hereto, granting the Motion and such other and further relief as

may be just and proper.

Dated:  New York, New York
        January 15, 2004

                              CoreComm New York, Inc., et al.,
                              Debtors and Debtors in Possession


                              By: /s/ Neil Peritz
                                  Neil C. Peritz
                                  Senior Vice President, Controller
                                  and Treasurer



WILLKIE FARR & GALLAGHER LLP
Proposed Attorneys for Debtors and
 Debtors in Possession


By: /s/ Paul Shalhoub
    Marc Abrams (MA-0735)
    (A Member of the Firm)
    Paul V. Shalhoub (PS-2133)
    (A Member of the Firm)

787 Seventh Avenue
New York, New York  10019-6099
(212) 728-8000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                          :        Chapter 11
                                               :
CORECOMM NEW YORK, INC., et al.,               :        Case No. 04-_____ (     )
                                               :
                    Debtors.                   :        (Jointly Administered)
-------------------------------------------------------x

**ORDER (I) DETERMINING ADEQUATE ASSURANCE OF PAYMENT
FOR FUTURE UTILITY SERVICES; (II) PROHIBITING UTILITY
COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING
SERVICE TO DEBTORS; AND (III) ESTABLISHING PROCEDURES
FOR DETERMINING REQUESTS BY UTILITY COMPANIES
FOR ADDITIONAL ASSURANCES OF FUTURE PAYMENT**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order, pursuant to section 366 of title 11 of the United States Code (the "Bankruptcy Code"): (i) determining adequate assurance of payment for future utility services; (ii) prohibiting entities which provide electricity, gas, oil, water, trash removal, telephone, telecommunications and/or other utility services to the Debtors, including but not limited to those entities set forth on Exhibit A annexed to the Motion (collectively, with any utility companies inadvertently excluded from Exhibit A, the "Utility Companies"), from altering, refusing or discontinuing such services without appropriate notice and a hearing; and (iii) establishing procedures for determining requests by Utility Companies for additional assurances of future payment beyond those set forth in the Motion; and notice of the Motion having been given as set forth in the Motion; and it appearing that no other or further notice is necessary; and after due consideration, it hereby

ORDERED, ADJUDGED AND DECREED, that:

1.      The Motion is granted.

1321190.1

2.      Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

3.      The Debtors' record of payment of prepetition utility bills and demonstrated ability to pay future utility bills constitute adequate assurance of future payment for utility services, pursuant to section 366(b) of the Bankruptcy Code.

4.      Absent any further order of this Court, all Utility Companies that provide electricity, telephone or similar services (the "Utility Services") to the Debtors, including, but not limited to, those listed on Exhibit A to the Motion, may not alter, refuse or discontinue service to, or discriminate against, the Debtors.

5.      The Debtors are authorized to pay, on a timely basis, and in accordance with their prepetition practices, all undisputed invoices with respect to postpetition Utility Services rendered by the Utility Companies.

6.      The Debtors shall serve notice of this Order on the Utility Companies listed on Exhibit A by first-class mail within five (5) business days of the date hereof.

7.      This Order is without prejudice to the rights of any Utility Company to request in writing (including a summary of the Debtors' payment history relevant to the affected accounts, and the location for which utility services were provided), within twenty-five (25) days from the date hereof, additional assurances in the form of deposits or other security, and the burden of proof with respect to any such requests shall remain unaffected by the entry of this Order.  Any request for additional adequate assurance of payment failing to meet the foregoing criteria shall be deemed an invalid adequate assurance request.  Requests for additional assurance of future payment must be sent to:

- 2 -

1321190.1

> Willkie Farr & Gallagher LLP
> 787 Seventh Avenue
> New York, New York  10019-6099
> Attn:  Paul V. Shalhoub, Esq.
>
> and
>
> ATX Communications, Inc.
> 50 Monument Road
> Bala Cynwyd, PA  19004[6]
> Attn:  Neil Peritz

8.    In the event that a Utility Company timely requests (a "Request") additional assurances, which otherwise satisfies the requirements set forth above, that the Debtors believe are unreasonable, and the Debtors are unable to resolve such request consensually with the Utility Company, then upon the request of the Utility Company, the Debtors shall file a motion for the determination of adequate assurance of payment and promptly set such motion for a hearing (a "Determination Hearing").

9.    Any Utility Company that timely requests additional assurance of payment shall be prohibited from discontinuing, altering or refusing service to the Debtors and shall be deemed to have adequate assurance of payment pursuant to this Order unless or until this Court enters a final order to the contrary in connection with a Determination Hearing.

10.    Any Utility Company that does not timely request additional assurance in accordance with the terms of this Order shall be prohibited from discontinuing, altering or refusing service to the Debtors and shall be deemed to have adequate assurance under section 366 of the Bankruptcy Code.

---

[6]    After January 23, 2004, all notices, requests and other correspondence being sent to the Debtors should be addressed to 2100 Renaissance Blvd., King of Prussia, PA  19406.

1321190.1

11.    Notwithstanding anything to the contrary contained herein or in the Motion, to the extent that a Utility Company provides goods or services to the Debtors in a capacity other than as a utility within the meaning of section 366 of the Bankruptcy Code, the claims of such company for such other goods and services are not entitled to adequate assurance pursuant to section 366 of the Bankruptcy Code.

12.    Under section 503(b)(1)(A) of the Bankruptcy Code, any undisputed, unpaid postpetition utility charge shall constitute actual and necessary expenses of preserving the Debtors' estates, entitling the applicable Utility Company to an administrative expense priority claim under section 507(a)(1) of the Bankruptcy Code with respect to any such undisputed, unpaid charges.

13.    Any Utility Company not listed on Exhibit A to the Motion, but subsequently identified by the Debtors, shall at the time of such subsequent identification be served with notice and a copy of this Order and be afforded twenty-five (25) days from the date of service to request adequate assurance, if any, from the Debtors.  Such a request must otherwise comply with the requirements set forth above or shall be deemed an invalid adequate assurance request.

14.    Substantially contemporaneously with the service of the notice and order as described in the preceding paragraph, the Debtors shall file with the Court a supplement to Exhibit A to the Motion adding the name of the Utility Company(ies) so served, and this Order shall be deemed to apply to such Utility Compan(ies) from the date of such service, subject to a later order of the Court on a motion for determination of adequate assurance, if any.

15.    The inclusion on or exclusion from Exhibit A or any supplement thereof of a Utility Company shall not constitute a binding determination by the Court or admission by the Debtors that an entity is a provider of "utility services" or a "utility" for the purposes of section 366 of the Bankruptcy Code.

1321190.1

16.    The requirement pursuant to Local Rule 9013-1(b) that the Debtors file a

memorandum of law in support of the Motion is hereby waived.

17.    This Court shall retain jurisdiction over any and all matters arising from or

related to the implementation or interpretation of this Order.


Dated:    New York, New York
          Janauary __, 2004


_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

CORECOMM NEW YORK, INC. et al.
List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| American Electric Power | | VOY | 075-573-130-4-1 | 1 Riverside Plaza<br>Columbus, OH 43215 |
| AMERITECH | Cleveland Switch site | | 2165816900 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |
| AMERITECH | Chicago Switch site | | 312346380704 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 2166850032 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 2315268645 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |

## CORECOMM NEW YORK, INC. et al.
### List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| AMERITECH | Phone | | 2692269927 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 2693453741 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 2693455465 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | ADMIN | | 2699690200 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 3302530576 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |

CORECOMM NEW YORK, INC. et al.
List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| AMERITECH | Phone | | 4192420650 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 4192423189 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5172030201 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5173241136 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5173243544 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |

CORECOMM NEW YORK, INC. et al.
List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| AMERITECH | Phone | | 5173322570 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5173328623 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5173330780 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | ADMIN/LU CENT | | 5173366837 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5173467503 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |

CORECOMM NEW YORK, INC. et al.
List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| AMERITECH | Phone | | 5173819629 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5174391681 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5176948349 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 5176994119 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 9372223550 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |

**CORECOMM NEW YORK, INC. et al.**
**List of Utilities**

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| AMERITECH | Phone | | 9372911995 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 9374361720 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 262R418458 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 262Z168299 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 414R248367 | 1188 East Pairs Rd. Suite 150 Grand Rapids, MI 49546 |

**CORECOMM NEW YORK, INC. et al.**
**List of Utilities**

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| AMERITECH | Phone | | 517R010432 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 517R017751 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |
| AMERITECH | ADMIN | | 517R210405 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 616R030318 | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |
| AMERITECH | Phone | | 9374361700 (7518) | 1188 East Pairs Rd.<br>Suite 150<br>Grand Rapids, MI 49546 |

## CORECOMM NEW YORK, INC. et al.
### List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| BROADWING | SEYMOUR ADMIN LD | | 6140296811 | PO BOX 741840 Cincinnati, OH 45274-1840 |
| BROADWING | SEYMOUR ADMIN LD | | 6140344903 | PO BOX 741840 Cincinnati, OH 45274-1840 |
| Cinergy CG&E | | VOY | 9280-0167-23-1 | 139 E. 4th Street Dayton, OH 45402 |
| Cinergy CG&E | | VOY | 7680-0241-26-6 | 139 E. 4th Street Dayton, OH 45402 |
| Cinergy PSI | | VOY | 512-123-8312-10 | 139 E. 4th Street Cincinnati, OH 45202 |

CORECOMM NEW YORK, INC. et al.
List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| City of New Berlin | | VOY | 1-001-0930 | 3805 S. Casper Drive New Berlin, WI 53151 |
| City of Petoskey | | VOY | 6.021610.02 | 101 East Lake Street Petoskey, MI 49770 |
| City of St. Charles | | VOY | 4-368400942 | 2 E. Main Street St. Charles, IL 60174 |
| Coldwater Board of Public Utilities | | VOY | 217281*1 | One Greand Street Coldwater, MI 49036 |
| Columbia Gas of Ohio | | VOY | 15688675 001 9 | 1120 W. 4th Street Mansfield, OH 44906 |

**CORECOMM NEW YORK, INC. et al.**
**List of Utilities**

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| ComEd | | CC | 7239676028 | 20 S. Clark St., Ste 520 Chicago, IL 60607 |
| Consumers Energy | | VOY | 16 28 42 2760 1 4 | 520 W. Willow Street Lansing, MI 48937 |
| Dayton Power & Light Co. | | VOY | 9586285244 6 | 1900 Dryden Road Dayton, OH 45439 |
| Dayton Power & Light Co. | | VOY | 6783383496 1 | 1900 Dryden Road Dayton, OH 45439 |
| Detroit Edison Co. | | VOY | 4630 247 0001 5 | 2000 2nd Avenue Detroit, MI 48226 |

## CORECOMM NEW YORK, INC. et al.
### List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| Dominion East Ohio | | VOY | 7 4212 0046 3536 | 2100 Eastwood Avenue<br>Akron, OH 44305 |
| FRONTIER COMM | Phone | | | PO BOX 92833<br>Rochester, NY 14692-8933 |
| GLOBAL CROSSING TEL | Phone | | 5172875128<br>8424760 | 161 Chestnut St<br>1 City Center, 3rd Floor<br>Rochester, NY 14604 |
| Illinois Power | | VOY | 6631691940 | 500 S. 27th Street<br>Decatur, IL 62521 |
| Indiana-American Water Co. | | VOY | 690-09811978-01 3 | 650 Madison Street<br>Gary, IN 46402 |

## CORECOMM NEW YORK, INC. et al.
## List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| Indianapolis Power & Light Co. | | VOY | 132978 | 2102 N. Illinois Street<br>Indianapolis, IN 46202 |
| KMC TELECOM | Phone | | 0041984 | PO BOX 932037<br>Atlanta, GA 31193-2037 |
| KMC TELECOM | Phone | | 0114443 | PO BOX 932037<br>Atlanta, GA 31193-2037 |
| MCI WORLDCOM | Phone | | 9150079797 | c/o Weil, Gotshal & Manges 767<br>Fifth Avenue          New<br>York, NY 10153          Attn:<br>Lori R. Fife |
| MCI WORLDCOM COMMUN | Phone | | 90821687 | c/o Weil, Gotshal & Manges 767<br>Fifth Avenue          New<br>York, NY 10153          Attn:<br>Lori R. Fife |

**CORECOMM NEW YORK, INC. et al.**
**List of Utilities**

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| NORTH PITTSBURGH TE | ATX Pittsburgh Office | | 0000107649001 | 4008 Gibsonia Rd Gibsonia, PA  15044 |
| TIME WARNER | Phone | | 9166 | 10475 Park Measdows Dr Littleton, CO  80124 |
| TIME WARNER | Phone | | 16716 | 10475 Park Measdows Dr Littleton, CO  80124 |
| TIME WARNER TELECOM | Phone | | 32525 | 10475 Park Measdows Dr Littleton, CO  80124 |
| Vectren Energy Delivery | | VOY | 02-600591261-5310589 | 1630 N. Meridian St. Indianapolis, IN 46202 |

**CORECOMM NEW YORK, INC. et al.**
**List of Utilities**

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| Vectren Energy Delivery | | VOY | 03-400500454-2511178 | 1630 N. Meridian St. Indianapolis, IN 46202 |
| VERIZON | Phone | | 2156560341747 | 110 Allen Rd Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 6105271321 | 110 Allen Rd Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 6106682351 | 110 Allen Rd Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 000709763217 | 110 Allen Rd Liberty Corner, NJ '07938 |

**CORECOMM NEW YORK, INC. et al.**
**List of Utilities**

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| VERIZON | Phone | | 2125094182 | 110 Allen Rd<br>Liberty Corner, NJ '07938 |
| VERIZON | | | 212Q010100 | 110 Allen Rd<br>Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 2694679015 | 110 Allen Rd<br>Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 4192899324 | 110 Allen Rd<br>Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 7405936344 | 110 Allen Rd<br>Liberty Corner, NJ '07938 |

CORECOMM NEW YORK, INC. et al.
List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| VERIZON | SEYMOU R ADMIN | | 8125233961 | 110 Allen Rd Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 8125233961 | 110 Allen Rd Liberty Corner, NJ '07938 |
| VERIZON | Phone | | 8125233961 | 110 Allen Rd Liberty Corner, NJ '07938 |
| WE Energies | | VOY | 9474-656-202 | 333 W. Everett St. Milwaukee, WI 53202 |
| WE Energies | | VOY | 1628-999-343 | 333 W. Everett St. Milwaukee, WI 53202 |

## CORECOMM NEW YORK, INC. et al.
### List of Utilities

| Name of Utility | Type of Service | Debtor Entity Serviced | Account # | Address |
|---|---|---|---|---|
| WE Energies | | VOY | 0873-527-818 | 333 W. Everett St. Milwaukee, WI 53202 |
| WE Energies | | VOY | 6208-318-090 | 333 W. Everett St. Milwaukee, WI 53202 |
| Wisconsin Public Service Corp | | VOY | 2236684 | 610 N. Whitney Way Madison, WI 53705 |