UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAETEC COMMUNICATIONS, INC., )
)
        *Plaintiff*, )
)
v. ) Case No.: 1-05-CV-01485
) Judge Rosemary M. Collyer
ATX COMMUNICATIONS, INC., *et al.*, )
)
        *Defendants*. )
)

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO THE MOTION TO DISMISS**

Defendants, ATX Communications, Inc., f/k/a Corecomm Holdings, Inc., ATX Communications Services, Inc., ATX Licensing, Inc., Corecomm Communications, Inc., and CoreComm Newco, Inc. ("Defendants"), by their counsel Womble Carlyle Sandridge & Rice, PLLC, submit this reply to Paetec Communications, Inc.'s opposition to the motion to dismiss filed by Defendants ("Opposition"), and in support, states the following:

**A.    Plaintiff Admits That Any Claim Based Upon Services Supplied By The Defendant Prior To The Petition Date Was Discharged.**

Any claim that Defendant had based upon services rendered prior to January 15, 2004, has been discharged in Defendants' bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court"). Indeed, Plaintiff affirmatively states that its "prepetition claims were discharged by the Bankruptcy Court." Opposition at 3. Thus, to the extent Plaintiff seeks to collect for services provided to the

Defendants prior to January 15, 2004, the Plaintiff's complaint should be dismissed with prejudice.[1]

**B.   Plaintiff Did Not File A Request For Payment Of An Administrative Claim With The Bankruptcy Court, And Therefore, The Postpetition Pre-Confirmation Claim Was Discharged.**

Section 503(a) of the Bankruptcy Code provides that "an entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." After notice and a hearing, the bankruptcy court will allow administrative expenses to be paid if the expenses were "actual, necessary costs and expenses of preserving the estate." § 503(b), Bankruptcy Code.

To determine the time, the form, and the method for filing an administrative claim, a claimant must look to the Bankruptcy Rules for guidance. A claimant seeking an administrative expense claim must file a motion with the bankruptcy court and obtain an order from the court allowing such claim.[2] A motion requesting payment of an administrative expense claim under § 503 of the Bankruptcy Code is a contested matter governed by Rules 9014 and 7052.[3] Bankruptcy Rule 9014 provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. . . . The motion shall be served in the manner

---

[1] Plaintiff did file an unsecured proof of claim in the amount of $70,782.21 for services provided between November 1, 2002, and February 11, 2004. That claim was paid under and according to the terms of the Plan.

[2] Bankruptcy Rule 9013 requires a motion to "state with particularity the grounds thereof, and . . . set forth the relief or order sought."

[3] Bankruptcy Rule 7052 incorporates the provisions of Rule 52 of the Federal Rules into the bankruptcy arena without change. Federal Rule 52 requires the court to make findings of fact and state conclusions of law and thereafter enter judgment. Plaintiff did not file a motion requesting an administrative expense claim with the Bankruptcy Court in the Defendants' bankruptcy case. Thus, Plaintiff does not have an allowed administrative claim.

provided for service of a summons and complaint by Rule 7004. Any paper served after the motion shall be served in the manner provided by Rule 5(b) F. R. Civ. P."

Under the Defendants' Second Amended Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan"), confirmed by the Bankruptcy Court on April 14, 2005, an Administrative Expense Claim is defined as

> any right to payment constituting a cost of expense of administration of any of the Chapter 11 Cases under the Bankruptcy Code sections 503(b) and 507(a)(1), including, without limitation, any actual and necessary costs and expenses of preserving the estates of the Debtors, any indebtedness or obligations incurred or assumed by the Debtors in Possession in connection with the conduct of their business, including, without limitation, for the acquisition or lease of property or an interest in property or the rendition of services, and all compensation and reimbursement of expenses **to the extent Allowed by the Bankruptcy Court under section 330 or 503.**

Plan at ¶ 1.03 (emphasis added). "Allowed" is also a defined term in the Plan, and means

> with reference to any Claim against the Debtors, (i) any Claim that has been listed by the Debtors in their respective Schedules, as such Schedules may be amended by the Debtors from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not disputed or contingent and for which no contrary proof of claim has been filed; provided, however, that any such Claim listed in the Schedules that has been paid by the Debtors after the Petition Date pursuant to order of the Bankruptcy Court shall not be considered an Allowed Claim, (ii) any Claim allowed hereunder, (iii) any Claim that is not Disputed, (iv) any Claim that is compromised, settled, or otherwise resolved pursuant to the authority granted to the Reorganized Debtors pursuant to a Final Order of the Bankruptcy Court or under the Plan, or (v) any Claim that, if Disputed, has been Allowed by Final Order[.]

*Id.*, ¶ 1.04.

Under the Bankruptcy Code, Bankruptcy Rules, and the Plan, Plaintiff simply does not have an Allowed Administrative Expense Claim as that term is defined. Plaintiff has not alleged in its complaint that it obtained a final order from the Bankruptcy Court allowing, under § 503 of the Bankruptcy Code, an administrative expense claim. Absent a final order allowing an administrative expense claim, Plaintiff's claim has been discharged in accordance with the

Defendants' Plan, and therefore, the Court should dismiss Plaintiff's complaint since it does not state a claim upon which relief can be granted.[4]

**C.    Plaintiff's Reliance Upon The § 366 Motion And Order Is Misguided Since The § 366 Order Only Dealt With Adequate Protection, And Not Claim Allowance.**

Section 366 of the Bankruptcy Code does not deal with the "allowance" of administrative claims. Rather, § 366(a) of the Bankruptcy Code prohibits a utility from altering, refusing, or discontinuing service solely on the basis of the commencement of a bankruptcy case. However, if the debtor does not provide adequate assurance of payment for such service within 20 days after the order for relief was entered, then the utility is authorized to alter, refuse, or discontinue service to the debtor. In essence, § 366(a) protects the debtor from being denied utility service during the pendency of the bankruptcy case, and § 366(b) protects the utility company by requiring the debtor to provide adequate assurance of payment.

The § 366 Order entered by the Bankruptcy Court, and relied upon by the Plaintiff in its Opposition to the motion to dismiss, did just that: utility companies were prohibited from altering, refusing, or discontinuing service to the Defendants, and in turn, "any undisputed, unpaid postpetition utility charge constitute[d] actual and necessary expenses of preserving the [Defendant's] estate, entitling the applicable Utility Company to an administrative expense priority claim under section 507(a)(1) of the Bankruptcy Code with respect to any such undisputed, unpaid charges." Order at ¶ 12. In interpreting the Bankruptcy Court's order, it is important to note that the Defendants' attached a list of companies to the § 366 motion who were served with the motion. The Bankruptcy Court, in its order, required the Debtors to "file with

---

[4] Plaintiff repeatedly asserts that Defendants do not dispute the amounts owed to Plaintiff. That simply is not true. Defendants will dispute the dollar amount asserted by Plaintiff to be due and owing in the proper course of this proceeding, or if dismissed and Plaintiff files the claim in the Bankruptcy Court, during that proceeding.

the Court a supplement to [the list] adding the name of the Utility Company(ies) so served, and [the] Order [was] deemed to apply to such Utility Company(ies) from the date of such service . . . ." *Id.* However, as the motion and order made clear, "[t]he inclusion on or exclusion from [the list] or any supplement thereof of a Utility Company shall not constitute a binding determination by the Court or admission by the Debtors that an entity is a provider of "utility services" or a "utility" for the purposes of section 366 of the Bankruptcy Code." Order at ¶ 15. In other words, the Bankruptcy Court merely ordered that utility companies that provide postpetition services to the Defendants were entitled to receive an administrative expense claim as adequate protection without deciding who the utility companies were. Thus, it is the Bankruptcy Court that must decide whether Plaintiff is a utility as that term is defined by the Bankruptcy Code, and if so, whether the services were actual, necessary costs and expenses of preserving the estate, and the value of such services provided to Defendants. The Bankruptcy Court has not made that determination.

The § 366 motion and order did not deal with the "allowance" of an administrative expense claim for any utility company. As stated above, the purpose of the motion and order was to prevent any utility company from shutting off services to the Debtor, and in return, a utility company that furnished post-petition services to the Debtor would be *entitled* to an administrative claim expense. However, absent the filing of a motion in accordance with the Bankruptcy Rules seeking an order *allowing* an administrative expense claim, and the Bankruptcy Court, after notice and a hearing, entering an order *allowing* an administrative expense claim, the Plaintiff does not possess an Allowed Administrative Expense Claim.

**D.     The Bankruptcy Court Has Exclusive Jurisdiction Over The Plaintiff's Claim.**

The Bankruptcy Court is the proper court to determine whether the Plaintiff has an Allowed Administrative Expense Claim. The Bankruptcy Court clearly has jurisdiction to decide the issues raised by the Plaintiff. Indeed, "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, . . . and may enter appropriate orders and judgments[.] Core proceedings include, but are not limited to—

(A)     matters concerning the administration of the estate; [and]

(B)     allowance or disallowance of claims against the estate . . . .

Importantly, under the Defendants' confirmed Plan, the Bankruptcy Court retained exclusive jurisdiction of

> all matters arising out of, and related to, the Chapter 11 Cases and the Plan pursuant to, and for the purposes of, Bankruptcy Code sections 105(a) and 1142 and for, among other things, the following purposes:
>
> * * *
>
> (b) To hear and determine any and all adversary proceedings, applications, and contested matters;
>
> (c) To hear and determine any objection to Administrative Expense Claims or Claims;
>
> * * *
>
> (h) To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan (including with respect to the payment of fees under Section 15.07 of the Plan); [and]
>
> * * *
>
> (m)     To determine the scope of any discharge of any Debtor under the Plan or the Bankruptcy Code.

These provisions of the Plan are binding upon all holders of claims, including the Plaintiff. Plan at ¶ 15.14 ("Binding Effect"); *see also* § 1141, Bankruptcy Code ("[T]he provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not the claim . . . is impaired under the plan and whether or not such creditor . . . accepted the plan.").

In essence, Plaintiff is arguing that the Plan did not discharge its claim. That is incorrect, however. The confirmed Plan discharged all existing Claims against Defendants and "precluded and enjoined [all creditors] from asserting against the Reorganized Debtors, or any of their assets or properties, any other or further Claim . . . based upon any act, failure to act, error, omission, transaction, occurrence or other event or activity of any kind or nature that arose or occurred prior to the Effective Date, whether or not such holder has filed a proof of Claim . . . ." Plan at ¶ 12.02 ("Discharge of Claims and Termination of Equity Interests"). The Discharge of Claims and Termination of Equity Interests provision is clear and unambiguous. In any event, these are the exact issues over which the Bankruptcy Court retained exclusive jurisdiction and therefore, the Plaintiff must file any claim against the Defendants in that court. Indeed, the Bankruptcy Court would be in a better position to interpret its own orders and the terms of the Plan and ascertain whether Plaintiff is entitled to an administrative expense claim and whether Plaintiff's claim, if any, was discharged in the Defendants' bankruptcy proceedings.

E.  **The Complaint Fails to Properly Plead any Cause of Action with regards to "Post-Effective Date" Services.**

Plaintiff filed a five-count complaint in which it argues that Defendants owe the Plaintiff $139,910 for services provided to the Defendant from 2000 to 2005. As stated above, all claims possessed by Plaintiff prior to confirmation of the Defendants' Plan (April 14, 2005) have been discharged. Plaintiff has failed to allege in its complaint that Defendants owe Plaintiff any amounts for services provided after April 14, 2005. As a result, Plaintiff's complaint fails to

properly plead a claim upon which relief can be granted since all claims arising prior to April 14, 2005, have been discharged in the Defendants' bankruptcy proceedings.

## CONCLUSION

For the reasons stated above and in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, Plaintiff's complaint should be dismissed with prejudice because the claims have been discharged, Plaintiff is permanently enjoined from taking any action to recover its discharged claims, and even if it had a legal basis to recover claims against the Defendants, the Bankruptcy Court for the Southern District of New York retained exclusive jurisdiction over the resolutions of the claims.

Respectfully submitted,

/s/
Deborah J. Israel (D.C. Bar No. 430841)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, N.W., Seventh Floor
Washington, D.C. 20005
Tel: (202) 857-4400
Fax: (202) 267-6910

*Counsel for Defendants ATX Communications, Inc., ATX Communications Services, Inc., ATX Licensing, Inc., CoreComm Communications, Inc., and CoreComm Newco, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of February, 2006, a true and correct copy of the foregoing Defendants' Reply to Plaintiff's Opposition to the Motion to Dismiss was served upon the following:

>Jeffrey J. Binder, Esq.
>The Watergate
>2510 Virginia Avenue, N.W.
>Washington, D.C.  20037
>*Counsel for Plaintiff*

                                                    /s/
                                            Deborah J. Israel